**LIGHTMAN & MANOCHI**
**BY:   GARY P. LIGHTMAN, ESQUIRE**
          **GLENN A. MANOCHI, ESQUIRE**
          **W. LYLE STAMPS, ESQUIRE**
**PA Identification Nos. 28529, 64423, & 94909**
**1520 Locust Street, 12th Floor**
**Philadelphia, PA 19102**
**Telephone: 215-545-3000; Telecopy: 3001**
**garylightman@lightmanlaw.com**

**Attorneys for plaintiff**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WOLFDOG MEDICAL SUPPLIER LLC**, *Plaintiff*, v. **GREATER DOMINION SUPPLIES LLC, and ROBERT SHINE and NICHOLAS VOULGARIS**, *Defendants*. | **CIVIL ACTION NO. 20-** |

### COMPLAINT

Wolfdog Medical Supplier, LLC, plaintiff herein, through its counsel, LIGHTMAN & MANOCHI, by way of Complaint against Greater Dominion Supplies LLC, Robert Shine, and Nicholas Voulgaris, states as follows:

### NATURE OF ACTION

1.   This is a lawsuit by Wolfdog Medical Supplier, LLC ("WMS" or "Plaintiff") against Greater Dominion Supplies LLC ("GDS") and its managing members, Robert Shine ("Shine") and Nicholas Voulgaris ("Voulgaris") (collectively, "Defendants").

2. Defendants fraudulently induced WMS to purchase 60,000 N95 masks manufactured by 3M (the "First Order") in exchange for payment of $225,000.00, which was subsequently increased to 100,000 masks, with a proportional cost increase. See Exhibit 1.

3. After WMS tendered $93,000.00 to GDS, GDS failed to deliver the masks and failed to provide a full refund to WMS. Accordingly, the instant suit has been filed.

## PARTIES AND JURISDICTION

4. Plaintiff Wolfdog Medical Supplier, LLC ("WMS"), is a Pennsylvania LLC, and operates as a medical, dental and hospital equipment supplier. The members of WMS are all Pennsylvania residents for purposes of diversity jurisdiction. WMS operates from 412 Hallman Avenue, Conshohocken, PA 19428.

5. Defendant Greater Dominion Supplies LLC ("GDS"), with an address of 4079 Governor Drive, STE 328, San Diego, CA 92122, purports to be an LLC, but is not registered as far as WMS has been able to determine.

6. In the alternative, WMS pleads that GDS is not a duly formed LLC, but instead is a partnership, and is merely an alias under which Robert Shine and Nicholas Voulgaris conduct business.

7. On information and belief, GDS is owned entirely by its managing members and/or partners, Robert Shine and Nicholas Voulgaris, each of which is a resident of California for purposes of diversity jurisdiction.

8. In the alternative, if GDS is a lawfully formed LLC, on information and belief, GDS was inadequately capitalized, failed to properly observe the required corporate formalities and was otherwise used by Robert Shine and Nicholas Voulgaris to perpetuate a fraud and deceive WMS into wiring moneys to GDS.

9. Defendant Robert Shine is a resident of California with an address located at 4079 Governor Drive, STE 328, San Diego, CA 92122.

10. Defendant Nicholas Voulgaris is a resident of California with an address located at 4079 Governor Drive, STE 328, San Diego, CA 92122.

11. Jurisdiction and venue are proper in this Court in that the actions giving rise to plaintiff's causes of action occurred in the Eastern District of Pennsylvania, the amount in controversy exceeds $75,000.00 and the citizenship of the parties are from different states (namely, Pennsylvania for plaintiffs, and California for defendants), and the jurisdictional prerequisites of this Court otherwise are satisfied.  See 28 U.S.C.S. §1332(a)(1) & §1391.

## RELEVANT FACTUAL BACKGROUND

12. Wolfdog Medical Supplier, LLC ("WMS" or "Plaintiff") agreed to purchase 100,000 N95 masks manufactured by 3M (the "First Order") from Greater Dominion Supplies LLC ("GDS") and its managing members, Robert Shine ("Shine") and Nicholas Voulgaris ("Voulgaris") (collectively, "Defendants").

13. Defendants fraudulently induced WMS to purchase 60,000 N95 masks manufactured by 3M (the "First Order") in exchange for payment of $225,000.00, which was subsequently increased to 100,000 masks, with a proportional cost increase.  See Exhibit 1.

14. Defendants had no intention of performing as promised, and misrepresented that the masks were currently available for both purchase and shipment.  In fact, masks were not currently available for purchase and shipment. See Exhibit 2.

15. To induce plaintiff to make this large purchase, Defendants represented that they would continue to sell more masks, including an additional 900,000 N95 masks, and other personal

3

protective equipment ("PPE") (collectively, the "Additional Order"), to WMS, all available for shipment at WMS's direction.  See Exhibit 1, Invoice 1002, Terms.

16.     WMS then offered to sell the First Order to various government entities to fulfill purchasing requests, and WMS's failure to perform as agreed by delivering the First Order caused WMS to suffer additional damages and lost profits.

17.     WMS was forced to refund $46,460.00 to government purchasers who had paid in advance for their masks.

18.     WMS also lost $55,237.50 in lost profits when it was unable to sell the First Order of masks to the customers with whom WMS had purchasing contracts.

19.     Defendants represented that a deposit of $93,000.00 was required in order to get the 3M factory to set aside the 100,000 masks for the Initial Order.

20.     WMS wired $93,000.00 to Defendants on 4/28/20 and 5/4/20.

21.     Defendants was supposed to deliver the First Order by May 31, 2020.

22.     After WMS tendered $93,000.00 to Defendants, Defendants failed to deliver the masks and failed to provide a full refund to WMS.

23.     Defendants failed to deliver the promised First Order and on June 3, 2020 agreed to refund the $93,000.00 by June 12, 2020.  See Exhibit 3.

24.     Defendants subsequently wired $30,600.00 to WMS, but refused to refund the remaining $62,400.00, despite demand.  See Exhibit 4.

25.     Accordingly, WMS sent $63,000.00 to Defendants which has not been refunded and, WMS has $55,237.50 in lost profits, for total damages in the amount of $117,637.50, with a per diem of pre-judgment interest of $19.34 for every day after June 12, 2020.

## COUNT I
## Fraud in the Inducement

26. The above set forth paragraphs are incorporated herein by reference as if set forth in full.

27. Defendants represented and promised to WMS that they would sell the First Order and Additional Order and already had made arrangements with 3M for the purchase and shipment of both orders.

28. These representations and promises were false when made by Defendants to WMS.

29. Defendants knowingly made these false representations and promises to WMS in order to induce it to place not just the deposit, but the entire purchase price, with Defendants, wherein Defendants would earn a substantial profit, despite Defendant's actual knowledge that it did not intend to honor their representations and lacked the capacity to perform as promised.

30. WMS reasonably relied upon the representations of Defendants and changed its position to its detriment.

31. Namely, WMS then offered to sell the First Order to various government entities to fulfill purchasing requests, and WMS's failure to perform as agreed by delivering the First Order caused WMS to suffer additional damages and lost profits.

32. WMS was forced to refund $46,460.00 to government purchasers who had paid in advance for their masks.

33. WMS also lost $55,237.50 in lost profits when it was unable to sell the First Order of masks to the customers with whom WMS had purchasing contracts.

34. WMS has suffered damages as a result of Defendants' fraudulent misrepresentations in that WMS incurred losses in excess of $117,637.50 (not including further

attorney fees and costs, and additional costs and damages subsequently accruing), due to its reasonable reliance upon Defendants' misrepresentations.

35. The conduct of Defendants was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

WHEREFORE, Wolfdog Medical Supplier, LLC, prays for the Court to enter judgment individually, jointly and separately, against defendants Greater Dominion Supplies LLC ("GDS"), Robert Shine and Nicholas Voulgaris, in an amount not less than $117,637.50, with a per diem of pre-judgment interest of $19.34 for every day after June 12, 2020, plus additional compensatory, consequential and special damages, and punitive damages, plus additional interest, attorney fees and costs which WMS may incur, and for such other relief to be awarded to plaintiff as is just.

## COUNT II
## Fraud

36. The above set forth paragraphs are incorporated herein by reference as if set forth in full.

37. Defendants represented and promised to WMS that they would sell the First Order and Additional Order and already had made arrangements with 3M for the purchase and shipment of both orders.

38. These representations and promises were false when made by Defendants to WMS, and Defendants were aware of their falsity when they were made.

39. Defendants knowingly made these false representations and promises to WMS in order to induce it to place not just the deposit, but the entire purchase price, with Defendants, wherein Defendants would earn a substantial profit, despite Defendant's actual knowledge that it did not intend to honor their representations and lacked the capacity to perform as promised.

6

40.     Defendants made these representations with the intent that WMS act upon them, by offering to sell the First Order to various government entities, which actions by WMS would cause them damages due to Defendants' knowledge of the falsity of its representations regarding the present ability to perform and deliver the masks for the First Order and the Additional Order.

41.     WMS reasonably relied upon the representations of Defendants and changed its position to its detriment.

42.     WMS was forced to refund $46,460.00 to government purchasers who had paid in advance for their masks.

43.     WMS also lost $55,237.50 in lost profits when it was unable to sell the First Order of masks to the customers with whom WMS had purchasing contracts.

44.     WMS has suffered damages as a result of Defendants' fraudulent misrepresentations in that WMS incurred losses in excess of $117,637.50 (not including further attorney fees and costs, and additional costs and damages subsequently accruing), due to its reasonable reliance upon Defendants' misrepresentations.

45.     The conduct of Defendants was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

WHEREFORE, Wolfdog Medical Supplier, LLC, prays for the Court to enter judgment individually, jointly and separately, against defendants Greater Dominion Supplies LLC ("GDS"), Robert Shine and Nicholas Voulgaris, in an amount not less than $117.,37.50, with a per diem of pre-judgment interest of $19.34 for every day after June 12, 2020, plus additional compensatory, consequential and special damages, and punitive damages, plus additional interest, attorney fees and costs which WMS may incur, and for such other relief to be awarded to plaintiff as is just.

## COUNT III
## Breach of Contract (Alternative Count)

46. The above set forth paragraphs are incorporated herein by reference as if set forth in full.

47. Pleading in the alternative, GDS offered, and WMS agreed, to purchase 60,000 N95 masks manufactured by 3M (the "First Order") in exchange for payment of $225,000.00, which was subsequently increased to 100,000 masks, with a proportional cost increase. See Exhibit 1.

48. Defendants represented that a deposit of $93,000.00 was required in order to get the 3M factory to set aside the 100,000 masks for the Initial Order.

49. WMS wired $93,000.00 to Defendants on 4/28/20 and 5/4/20.

50. Defendants was supposed to deliver the First Order by May 31, 2020.

51. After WMS tendered $93,000.00 to Defendants, Defendants failed to deliver the masks and failed to provide a full refund to WMS.

52. Defendants failed to deliver the promised First Order and on June 3, 2020 agreed to refund the $93,000.00 by June 12, 2020. See Exhibit 3.

53. Defendants subsequently wired $30,600.00 to WMS, but refused to refund the remaining $62,400.00, despite demand. See Exhibit 4.

54. WMS was forced to refund $46,460.00 to government purchasers who had paid in advance for their masks.

55. WMS also lost $55,237.50 in lost profits when it was unable to sell the First Order of masks to the customers with whom WMS had purchasing contracts.

56. Accordingly, Defendants are liable to WMS in the amount of $117,637.50.

57. Defendants are also liable for the damages due to WMS, for pre-judgment interest at the statutory rate of 6% on the $117,637.50 due and owing since June 12, 2020, at a per diem

rate of $19.34 for every day after June 12, 2020 until the $117,637.50 is paid in full.

58.     To date, payment has not been made by Defendants to WMS for damages due, in the total amount of $117,637.50.  *See* Exhibits 1-4.

WHEREFORE, Wolfdog Medical Supplier, LLC, prays for the Court to enter judgment individually, jointly and separately, against defendants Greater Dominion Supplies LLC ("GDS"), Robert Shine and Nicholas Voulgaris, in an amount not less than $117,637.50, with a per diem of pre-judgment interest of $19.34 for every day after June 12, 2020, plus additional compensatory, consequential and special damages, plus additional interest, attorney fees and costs which WMS may incur, and for such other relief to be awarded to plaintiff as is just.

## COUNT IV

### Unjust Enrichment/Quantum Meruit

59.     WMS incorporates by reference herein each of the allegations set forth above as if set forth at length.

60.     In the alternative, WMS alleges that defendants have unjustly enriched themselves at the expense of WMS.

61.     GDS requested WMS to, <u>inter alia</u>, furnish funds to purchase 60,000 N95 masks manufactured by 3M (the "First Order") in exchange for payment of $225,000.00, which was subsequently increased to 100,000 masks, with a proportional cost increase.  See Exhibit 1.

62.     Defendants represented that a deposit of $93,000.00 was required in order to get the 3M factory to set aside the 100,000 masks for the Initial Order.

63.     WMS wired $93,000.00 to Defendants on 4/28/20 and 5/4/20.

64.     Defendants was supposed to deliver the First Order by May 31, 2020.

65. After WMS tendered $93,000.00 to Defendants, Defendants failed to deliver the masks and failed to provide a full refund to WMS.

66. Defendants failed to deliver the promised First Order and on June 3, 2020 agreed to refund the $93,000.00 by June 12, 2020.  See Exhibit 3.

67. Defendants subsequently wired $30,600.00 to WMS, but refused to refund the remaining $62,400.00, despite demand.  See Exhibit 4.

68. WMS was forced to refund $46,460.00 to government purchasers who had paid in advance for their masks.

69. WMS also lost $55,237.50 in lost profits when it was unable to sell the First Order of masks to the customers with whom WMS had purchasing contracts.

70. Accordingly, Defendants are liable to WMS in the amount of $117.637.50.

71. Defendants received and accepted and used the moneys described above.

72. Defendants received and accepted and used the moneys described above.

73. WMS conferred a benefit upon Defendants by delivering the moneys used by Defendants to purchase the masks.

74. Defendants appreciated, accepted and retained the benefit of WMS's moneys, where Defendants used said supplies and in their business.

75. It would be unjust and inequitable to allow Defendants to retain the benefit of the moneys received from WMS, without providing compensation to WMS.

76. The fair value of the moneys supplied by WMS to Defendants and retained and used by Defendants is the amount of $117,637.50.

WHEREFORE, Wolfdog Medical Supplier, LLC, prays for the Court to enter judgment individually, jointly and separately, against defendants Greater Dominion Supplies LLC

("GDS"), Robert Shine and Nicholas Voulgaris, in an amount not less than $117,637.50, plus additional compensatory, consequential and special damages, plus additional interest, attorney fees and costs which WMS may incur, and for such other relief to be awarded to plaintiff as is just.

## COUNT V
## PIERCE THE CORPORATE VEIL

77. The above paragraphs are incorporated herein by reference, as if set forth at length.

78. Defendant Greater Dominion Supplies LLC ("GDS") purports to be an LLC and on information and belief, GDS is owned entirely by its two managing members, Robert Shine and Nicholas Voulgaris.

79. On information and belief, GDS was inadequately capitalized, failed to property observe the required corporate formalities and was otherwise used by Robert Shine and Nicholas Voulgaris to perpetuate a fraud against WMS.

80. Due to the fraudulent and/or deceptive conduct of the Defendants, and the failure of defendants to properly capitalize the LLC, and/or their failure to observe corporate formalities, the corporate veil of Greater Dominion Supplies LLC should be disregarded, and its two managing members, Robert Shine and Nicholas Voulgaris, should be held individually liable for the wrongful acts of Greater Dominion Supplies LLC.

WHEREFORE, Wolfdog Medical Supplier, LLC, prays for the Court to enter judgment, against Greater Dominion Supplies LLC, and holding Robert Shine and Nicholas Voulgaris liable, individually, jointly and separately, and piercing the corporate veil of Greater Dominion Supplies LLC to make Robert Shine and Nicholas Voulgaris liable for the wrongful acts against Plaintiff, in an amount not less than $117,637.50, plus additional compensatory,

consequential and special damages, plus additional interest, attorney fees and costs which WMS may incur, and for such other relief to be awarded to plaintiff as is just.

                                 Respectfully submitted,

                                 LIGHTMAN & MANOCHI

                                 BY: /s/ Gary P. Lightman
                                 GARY P. LIGHTMAN, ESQUIRE
                                 GLENN A. MANOCHI, ESQUIRE
                                 W. LYLE STAMPS, ESQUIRE
Date:  November 6, 2020           Attorneys for plaintiff