IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WOLFDOG MEDICAL SUPPLIER, LLC,** : | |
| Plaintiff, : | |
| : | |
| v. : | Civ. No. 20-5589 |
| : | |
| **GREATER DOMINION SUPPLIES, et al.** : | |
| Defendant. : | |

## ORDER

On June 16, 2021, Plaintiff filed a Motion to Compel and Modify Case Management Deadlines, informing me that *pro se* Defendants Robert Shine and Nicholas Voulgaris had failed: to respond to requests for document production; to answer interrogatories; and to comply with my Case Management Order. (Mot. to Compel, Doc. No. 20.) Indeed, since their joint Answer was filed, Defendants have had no communications with the Court and have docketed nothing. (Answer, Doc. No. 14.) In its Motion, Plaintiff requests that default judgment be entered against Defendants should they continue to ignore their discovery duties and my Orders. (Id.) The same day Plaintiff's Motion was filed, I ordered Defendants to comply with the discovery requests "**no later than Monday, June 28, 2021, @ 3 PM**", stating that "**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE ENTRY OF JUDGMENT AND SANCTIONS AGAINST DEFENDANTS AS REQUESTED IN PLAINTIFF'S MOTION.**" (6/21/21 Order, Doc. No. 21 (emphasis in the original).) As of today, June 30, Defendants Shine and Voulgaris have failed to obey or respond to my Order. Accordingly, I will enter default judgment against them and in favor of Plaintiff.

Default judgment is appropriate as a Rule 16(f) sanction against Defendants for their "fail[ure] to obey" my "scheduling [and] other pretrial order[s]." See Fed. R. Civ. P. 16(f) (incorporating sanctions available under Rule 37(b), including entry of default judgment). To

impose the sanction of default judgment pursuant to Rule 16(f), I must consider "some or all" of the six factors announced in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984).  The Poulis factors are:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the party of the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

747 F.2d at 868.

Here, all the Poulis factors support default judgment.

First, as *pro se* litigants, Defendants are "personally responsible for complying with the court's orders," and thus must answer for their own failure to obey my Case Management Order and Order Compelling Discovery, as well as their failure to respond to Plaintiff's discovery requests.  See Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008).

Second, Defendants' omissions have completely frustrated Plaintiff's attempts to litigate this case.  See Poulis, 747 F.2d at 868 (failure to respond to discovery requests, forcing counsel to, *inter alia*, file motion to compel, was prejudicial).

Third, Defendants' failure to abide by discovery deadlines as ordered demonstrates a history of dilatoriness on their part.  Further, even before discovery had begun, Defendants filed their Answer *after* the February 25, 2021 deadline established in my February 10 Order.  (See Doc. Nos. 12, 14.)

Fourth, as if Defendants' bad faith were not clear enough from their refusal to participate in discovery, Plaintiff informed me in a February 16 Letter that Defendants made "false representations" to me regarding whether Plaintiff had agreed to an extension of time to "respond

to the Complaint." (Doc. Nos. 10, 13.) Defendants did not reply to this accusation.

Fifth, I am satisfied that no effective alternative sanction exists, given Defendants' failure to engage with this litigation. Not even the threat of imminent sanctions and default spurred them to take any action.

Finally, Plaintiff has a sufficiently meritorious claim. See Poulis, 747 F.2d at 870 (default judgment appropriate where "the allegations of the pleadings, if established at trial, would support recovery by plaintiff"). The allegations in the Complaint would support recovery against Defendants for their alleged role in defrauding Plaintiff in connection with the sale of N95 masks early in the COVID19 Pandemic. (Compl., Doc. No. 1.)

Having reviewed each of the Poulis factors, I find they weigh in favor of default judgment. Defendants have had ample opportunity to protect their interests, but they have chosen instead to ignore these proceedings and thwart Plaintiff's efforts to litigate this case. I am left with no option but to sanction Defendants by granting Plaintiff's request for default judgment. I will, however, refrain from entering final judgment until the Parties have submitted additional briefing regarding damages.

An appropriate Judgment follows.

**AND IT IS SO ORDERED:**

Dated: June 30, 2021              */s/ Paul S. Diamond*
                                  _____
                                  Paul S. Diamond, J.